IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IVAN ALEXANDROVICH VETCHER, | ) | |
| A#079570472, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:18-CV-1724-K (BH) |
| | ) | |
| JEFFERSON SESSIONS, III, | ) | |
| U.S. Attorney General, et al., | ) | |
| Respondents. | ) | Referred to U.S. Magistrate Judge |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, this case should be **DISMISSED**.

## I.  BACKGROUND

Ivan Alexandrovich Vetcher (Petitioner), an alien who is detained in the Prairieland Detention Center in Alvarado, Texas, claims that his continued detention during removal proceedings is unlawful. He initially raised this claim in *Vetcher v. Sessions*, Civil Action No. 17-1743 (D.D.C.). (*See* doc. 1.) That court construed the claim challenging his lengthy detention as a habeas claim under 28 U.S.C. § 2241, dismissed his other claims, and transferred the habeas claim to this Court. (*See* docs. 19, 20.)

Petitioner is a native and citizen of Belarus who entered the United States in 2001 as a refugee. (*See* doc. 20 at 2.) After he was convicted in Texas of manufacturing, delivering, or possessing with intent to deliver a controlled substance, he was taken into the custody of Immigration and Customs Enforcement on July 2, 2014, and removal proceedings were initiated. (*See id*.) The most recent removal order was entered on May 11, 2018, after several determinations

by the immigration judge, appeals to the Board of Immigration Appeals, and remands to the immigration judge.  (*See id.* at 3.)[1]  It is not clear whether Petitioner has appealed that decision.

Petitioner previously filed a habeas petition challenging the legality of the length of his detention pending removal proceedings.  *See Vetcher v. Lynch*, No. 1:15-CV-1635 (W.D. La.).  It was denied and dismissed with prejudice.  *See Vetcher v. Lynch*, 2015 WL 10551736 (W.D. La. Nov. 24, 2015), *rec. adopted*, 2016 WL 1230560 (W.D. La. Mar. 23, 2016).  Petitioner appealed the denial, and his appeal is currently pending in the Fifth Circuit Court of Appeals.  *See Vetcher v. Sessions*, No. 16-30470 (5th Cir.).

## II.  NATURE OF SUIT

As noted by the court in the District of Columbia when it transferred the claim, because Petitioner challenges the legality of his continued immigration detention and seeks his release, this claim is properly construed as a habeas petition under § 2241.  *See, e.g., Hook v. Lynch*, 639 F. App'x 229 (5th Cir. 2016) (addressed appeal regarding § 2241 petition challenging immigration detention).

## II.  DUPLICATE ACTIONS

Where two civil actions involving the same parties and issues are pending in federal court, "the court with prior jurisdiction over the common subject matter should resolve all issues presented in related actions."  *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 730 (5th Cir. 1985) (citing *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403 (5th Cir. 1971).  The "first-filed" rule "is grounded in principles of comity and sound judicial administration."  *Save Power Ltd. v. Syntek*

---

[1]  The Memorandum Opinion transferring this case to this Court sets out a more thorough background of Petitioner's litigation associated with his removal, none of which is necessary to resolve the habeas petition.  (*See* doc. 20.)

*Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).  The rule is meant "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."  *Id*. (quoting *West Gulf*, 751 F.2d at 728).  Under these circumstances, the second court should stay, dismiss, or transfer the second action.  *See West Gulf*, 751 F.2d at 730.

Consistent with these "first-filed" principles, habeas petitions under 28 U.S.C. § 2241 have been dismissed as duplicative of other pending petitions.  *See Zhao v. Holder*, No. H-10-0328, 2010 WL 517897 (S.D. Tex. Feb. 10, 2010) (§ 2241 petition challenging immigration detention dismissed as duplicative of pending § 2241 petition); *Fertilien v. Mukasey*, No. 09-123, 2009 WL 1953176 (W.D. La. July 7, 2009) (same).

The parties are currently litigating the issue of the legality of Petitioner's continued detention in light of the length of his removal proceedings before the Fifth Circuit in No. 16-30470, in which counsel has been appointed.  The briefs and motions in that case show that the Fifth Circuit is considering Petitioner's current detention and removal status, including the existence of the recent removal order.  Because the habeas petition in that case was filed before the initial filing in the present case, this case should be dismissed.

### III.  RECOMMENDATION

The petition for writ of habeas corpus under 28 U.S.C. § 2241 should be **DISMISSED** as duplicative of the petition and issues pending in *Vetcher v. Sessions*, No. 16-30470 (5th Cir.).

**SIGNED this 12th day of July, 2018.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See Douglass v. United Servs. Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE