IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IVAN ALEXANDROVICH VETCHER, | ) | |
| A#079570472, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:18-CV-1724-K (BH) |
| | ) | |
| JEFFERSON SESSIONS, III, | ) | |
| U.S. Attorney General, et al., | ) | |
| Respondents. | ) | Referred to U.S. Magistrate Judge |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Motion to Reconsider*, received on July 31, 2018 (doc. 27). Based on the relevant filings and applicable law, the motion to reconsider should be **DENIED**. The included motion for leave to amend is **DENIED**.

## I. BACKGROUND

Ivan Alexandrovich Vetcher (Petitioner), an alien who is detained in the Prairieland Detention Center in Alvarado, Texas, filed a *Petition for Review Under Administrative Procedures Act* in *Vetcher v. Sessions*, Civil Action No. 17-1743 (D.D.C.). (*See* doc. 1.) The United States District Court for the District of Columbia (DC Court) construed the filing as a complaint under the Administrative Procedures Act. (*See* doc. 20 at 5.) It dismissed his claims challenging his removal proceeding because a final order of removal is reviewable by a federal court of appeals, and not by a federal district court, and dismissed his claims challenging the conditions of his confinement because he did not allege sufficient facts to state a claim. (*See id*. at 7-10, 12.) The DC Court construed his claim challenging his lengthy detention as a habeas claim under 28 U.S.C. § 2241 and transferred it to this district, and also stated that Petitioner could seek leave to amend his complaint regarding conditions of confinement here. (*See* docs. 19, 20 at 12.) It noted, however, that a

petitioner may not challenge the conditions of confinement through a habeas petition in the Fifth Circuit under *Ruiz v. Davis*, 850 F.3d 225, 229 (5th Cir. 2017).  (*See* doc. 20 at 12).  No judgment has been entered on the claims that were not transferred to this district.

Petitioner asserts that he attempted to file his motion to reconsider in the DC Court, which instructed him to file it in this district.  (*See* doc. 27 at 1.)

## II.  MOTION TO RECONSIDER

As noted by the Fifth Circuit, the Federal Rules of Civil Procedure "do not recognize a 'motion for reconsideration' *in haec verba.*"  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069, 1076 n. 14 (5th Cir. 1994).  Where a motion for reconsideration challenges a final judgment, it is treated either as a motion to alter or amend the judgment under Rule 59(e), or as a motion seeking relief from judgment under Rule 60(b).  *Id.*  Where a motion challenges an interlocutory order, it is considered under Rule 54(b).  *Contango Operators, Inc. v. U.S.*, 965 F. Supp. 2d 791, 800 (S.D. Tex. 2013).  The standard for granting motions for reconsideration under Rule 54 "appears to be less exacting than that imposed by Rules 59 and 60."  *Colli v. S. Methodist Univ.*, No. 3:08-CV-1627-P, 2011 WL 3524403 at *1 (N.D. Tex. Feb. 14, 2011); *see also Livingston Downs Racing Ass'n*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002).

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  Neither Rule 54(b) nor the Fifth Circuit articulates a standard by which to decide whether reconsideration is merited, but a ruling should only be reconsidered

where the moving party presents substantial reasons for requesting reconsideration. *Baustian v. Louisiana,* 929 F. Supp. 980, 981 (E. D. La.1996); *Louisiana v. Sprint Commc'n Co.*, 899 F. Supp. 282, 284 (M.D. La.1995). In determining a motion under Rule 54(b), courts in this circuit have looked to the standards of Rule 59(e), including whether reconsideration is necessary to correct manifest errors of law or fact, to present new evidence, to prevent manifest injustice, or because of an intervening change in law. *See Rotstain v. Trustmark Nat'l Bank*, No. 3:09-CV-2384-N, 2016 WL 8216509, at *6 (N.D. Tex. July 27, 2016); *SGC Land, LLC v. Louisiana Midstream Gas Serv.*, 939 F. Supp. 2d 612 (W.D. La. 2013); *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d 745, 749-50 (E.D. Tex. 2012). However, when a trial court "rules on an interlocutory order, it is 'free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Saqui v. Pride Cent. America, LLC*, 595 F.3d 206, 210-11 (5th Cir. 2010) (quoting *Lavespere*, 910 F.2d at 185 (5th Cir. 1994)).

Petitioner seeks reconsideration of the DC Court's disposition of his non-habeas claims. Those claims were not transferred to this district, and this court lacks jurisdiction to entertain claims that are not before it.

He also asserts that his challenge to the length of confinement should not have been construed as raising a § 2241 habeas claim and transferred to this district. His original filing complained about the length of confinement while he has been litigating his removal. (*See* doc. 1 at 34-35.) Because Petitioner challenged the legality of his continued immigration detention and seeks his release, this claim is properly construed as a habeas petition under § 2241. *See, e.g., Hook v. Lynch*, 639 F. App'x 229 (5th Cir. 2016) (addressed appeal regarding § 2241 petition challenging

immigration detention). Jurisdiction for a § 2241 petition lies in the district in which the petitioner

is in custody. *See United States v. Garcia–Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988). Petitioner

is in custody in the Prairieland Detention Center in Johnson County, Texas, which is within the

Northern District of Texas. *See* 28 U.S.C. § 124(a)(1). Jurisdiction over the § 2241 claim is proper

in this district, and the DC Court did not err in transferring the habeas claims here.

### III.  MOTION FOR LEAVE TO AMEND

Petitioner also seeks leave to amend his original filing to re-assert his claim challenging the

conditions of confinement.

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend his pleading

once as a matter of course within 21 days after serving it and, otherwise, with either the opposing

party's written consent or the court's leave. Rule 15(a) evinces a bias in favor of amendment and

requires that leave be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d

1157, 1162 (5th Cir. 1982). A court's discretion to grant leave is severely limited by the bias of

Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th

Cir. 1981). Leave to amend should not be denied unless there is a *substantial reason* to do so.

*Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998). There is a substantial reason to deny

leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is

motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies

with prior amendment, or if the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962);

*see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir.

1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

As noted by the DC Court, a petitioner may not challenge the conditions of confinement

through a habeas action. *Ruiz v. Davis*, 850 F.3d 225, 229 (5th Cir. 2017). An amendment would therefore be futile. His request for leave to amend his § 2241 petition is denied.

## IV. RECOMMENDATION

The motion to reconsider (doc. 27) should be **DENIED**. His request for leave to amend is **DENIED**.

**SIGNED this 7th day of August, 2018.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE